# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 28, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| NOREEN FONTANA, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-1290V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Block Billing; Travel Time. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Kate G. Westad, Larkin Hoffman, et al., Ltd., Minneapolis, MN, for petitioner.
Heather L. Pearlman, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 6, 2016, Noreen Fontana ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to 34 (2012).[2]  Petitioner alleges that she developed Chronic Inflammatory Demyelinating Polyneuropathy ("CIDP") as a result of an influenza ("flu") vaccine received on or about October 11, 2013.  Petition (ECF No. 1). On May 9, 2017, the parties filed a stipulation recommending that compensation be awarded to petitioner, which I approved on the following day.  Stipulation Decision (ECF No. 16).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision." *Id.*  **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On November 7, 2017, petitioner filed an application for attorneys' fees and costs. Petitioner's ("Pet.") Application ("App.") (ECF No. 21). It provides that petitioner has not personally incurred any out-of-pocket costs in furtherance of this litigation, in accordance with General Order #9. *Id.* at 2. The application provides that during the pendency of this proceeding, petitioner's counsel Ms. Kate Westad changed law firms. The application requests $2,780 in attorneys' fees and $701.58 in attorneys' costs, for a total of $3,481.58 in attorneys' fees and costs made payable to petitioner and Ms. Westad's former law firm, Lommen Abdo, P.A. It requests $15,417.50 in attorneys' fees and $794.20 in attorneys' costs, for a total of $16,211.70 in attorneys' fees and costs made payable to petitioner and Ms. Westad's current firm, the Larkin Hoffman Law Firm.

On November 17, 2017, respondent filed a response to petitioner's application for attorneys' fees and costs. Respondent's Response (ECF No. 22). Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case. *Id.* at 2. Respondent "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. This matter is now ripe for adjudication.

## I. Discussion

Under the Vaccine Act, the special master shall award "reasonable" attorneys' fees and costs for any petition that results in an award of compensation. § 300aa-15(3)(1). In this case, petitioner was awarded compensation pursuant to a joint stipulation, therefore she is entitled to an award of attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Special masters may increase or reduce the initial fee award calculation based on specific findings. *Avera,* 515 F.3d at 1348.

In making reductions, a line-by-line evaluation of the fee application is not required. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).

2

The special master may reduce a request *sua sponte,* apart from objections raised by respondent and without providing petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).

### i.     Reasonable Hourly Rates

The application requests $350/ hour for work performed by Ms. Westad from 2015 – 2017.  It requests $125/ hour for work performed by various paralegals at both firms during those years.  Other special masters have previously approved these rates.  I approved the rates in a recent decision.  *Rus v. Sec'y of Health & Human Servs.*, No. 12-631V (Fed. Cl. Spec. Mstr. Dec. 22, 2017).  I will do the same here.

### ii.     Reasonable Hours Expended

The second factor in the lodestar formula is a reasonable number hours expended.  Reasonable hours are not excessive, redundant, or otherwise unnecessary. *See Shorkey v. Sec'y of Health & Human Servs.*, No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017); *Saxton*, 3 F.3d 1517, 1521.  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).

 Based on my review, the hours expended by petitioner's counsel and her paralegals generally appear to be reasonable.  However, I have observed certain instances of (1) block billing and (2) possibly inappropriate billing at the attorney's full hourly rate for time spent traveling.  I discussed these issues in a recent decision awarding fees and costs to petitioner's counsel.  *Rus*, No. 12-631V, 129 Fed. Cl. 672 (Fed. Cl. Spec. Mstr. Dec. 22, 2017).  As *Rus* was issued relatively recently, I will address them again here.  Counsel is directed to avoid these issues in the future.

### a.     Block Billing

Block-billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  *Broekelschen*, 102 Fed. Cl. 719, 729 (reducing petitioner's attorneys' fees and criticizing her for block-billing); *see also Jeffries v. Sec'y of Health & Human Servs.*, 2006 U.S. Claims LEXIS 411, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Human Servs.*, 1997 U.S. Claims LEXIS 313, at *5 (Fed. Cl. Spec. Mstr. April 23, 1997).  Indeed, the Vaccine Program's *Guidelines for Practice* state, "Each task should have its own line entry indicating the amount of time spent on that task.  Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request."[3]

---

[3] *Guidelines for Practice* at 68 (revised April 21, 2016) at Section X, Chapter 3, Part B(1)(b)), available at www.cofc.uscourts.gov/sites/default/files/GUIDELINES-FOR-PRACTICE-4212016.pdf.

In this application, I have found certain instances of block-billing by counsel which make it difficult to assess the reasonableness of the time expended on each task. For example, on September 30, 2016, counsel entered 6.4 hours with the following description: "Review medical records and create summary and timeline, extended telephone conference with client and attention to drafting petition and affidavit." Pet. App., Exhibit ("Ex.") C at 1. On February 16, 2017, she entered 2.6 hours for the following: "Review additional client documentation, extended telephone conference with client, draft correspondence to DOJ regarding demand and calculate expenses, attention to supporting documentation and draft status report and attention to filing with court." Pet. App., Ex. C at 3. These are provided as examples. Several other entries in the application, by both counsel and her paralegals, lump tasks together in this way. Counsel is cautioned that block-billed time may not be compensated in her future applications for attorneys' fees.

### b. Travel Time

The Vaccine Program routinely compensates at half a normal rate for time spent traveling. *See Kuttner v. Sec'y of Health & Human Servs.*, No. 06-195V, 2009 WL 256447, *10 (Fed. Cl. Spec. Mstr. Jan. 16, 2009); *Carter v. Sec'y of Health & Human Servs.*, No. 04-1500V, 2007 WL 2241877, *6 (Fed. Cl. Spec. Mstr. Jul. 13, 2007); *Scoutto v. Sec'y of Health & Human Servs.*, No. 90-3576, 1997 WL 588954, *5 (Fed. Cl. Spec. Mstr. Sept. 5, 1997); *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.,* No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006).

This application contains two entries which lump together counsel's time spent traveling with other tasks, billed at counsel's full hourly rate. These entries are problematic first, because they constitute block billing (addressed in the preceding section). Second, the entries suggest that counsel is billing her full hourly rate for travel. I will reduce counsel's rate by half the time spent traveling, based on the information available. These entries are discussed below.

First, on September 29, 2015, counsel entered 2.5 hours at her full hourly rate to: "Prepare for, travel to, and meet new vaccine client for initial intake." Pet. App., Ex. A at 1. A commonly used internet site for calculating directions suggests that in normal traffic, it would take approximately 0.6 hours to drive round trip between counsel's former law firm, Lommen Abdo to petitioner's home.[4] Compensating this time at half of counsel's normal rate results in a reduction of $105.[5]

Second, on June 20, 2017, she entered 1.5 hours at her full hourly rate to: "Travel to and meet with client, answer client questions and deliver settlement check." Pet. App., Ex. C at 4. The same website referenced above suggests that that in normal traffic, it would take

---

[4] This assumes that petitioner was living at the address listed in the medical records filed on December 22, 2016. *See, e.g.*, Pet. Ex. 3 at 1, Pet. Ex. 4 at 6.

[5] 0.6 hours x $350/ hour = $210. Divided in half = $105.

approximately 0.7 hours to drive round trip between counsel's current law firm, Larkin Hoffman, and petitioner's home. Compensating this time at half of counsel's normal rate results in a reduction of $122.50.[6]

### B. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. 29, 34. This application requests the costs of filing the claim in the Vaccine Program, obtaining medical records, postage, and mailing the signed stipulation to respondent. They appear reasonable and adequately documented. Thus, they will be awarded in full.

### I. Total Award Summary

Based on the foregoing, I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

|  | **Lommen Abdo** | **Larkin Hoffman** | **Total** |
|---|---:|---:|---:|
| Attorneys' Fees Requested | $2,780 | $15,417.50 | $18,197.50 |
| - Reduction for Travel | - $105.00 | - $122.50 | - $227.50 |
| **Attorneys' Fees Awarded** | **$2,675.00** | **$15,295.00** | **$17,970.00** |
| **Attorneys' Costs Awarded** | **$701.58** | **$794.20** | **$1,495.78** |
| *Total Awarded* | *$3,376.58* | *$16,089.20* | *$19,465.78* |

Accordingly, I award the following:

1) **A lump sum in the amount of $3,376.58, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel's former law firm, Lommen Abdo, P.A.; and**

2) **A lump sum in the amount of $16,089.20, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel's current law firm, the Larkin Hoffman Law Firm.**[7]

---

[6] 0.7 hours x $350/ hour = $245. Divided in half = $122.50.

[7] These amounts are intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[8]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties jointly or separately filing notice renouncing their right to seek review.